**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| HONESTY L. TRUTH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:25-cv-360-JDK-KNM |
| | § | |
| AIRBNB, INC., | § | |
| | § | |
| Defendant. | § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Honesty L. Truth, who is currently incarcerated and proceeding pro se and *in forma pauperis*, filed this lawsuit asserting claims under Texas law against Defendant Airbnb, Inc. for allegedly enabling one of its hosts to breach its rental contract with Plaintiff. Docket No. 3. This case was referred to United States Magistrate Judge K. Nicole Mitchell pursuant to 28 U.S.C. § 636.

The Magistrate Judge previously notified Plaintiff that her complaint failed to plead diversity jurisdiction and gave her an opportunity to amend her complaint. *See* Docket No. 21. Plaintiff filed an amended complaint on May 5, 2026. Docket No. 35.

On May 29, 2026, the Magistrate Judge issued a Report and Recommendation, stating that Plaintiff's amended complaint (Docket No. 35) still failed to establish diversity jurisdiction. Docket No. 37. However, because Plaintiff added a claim under 42 U.S.C. § 1981, the Magistrate Judge determined that the Court had federal question jurisdiction and supplemental jurisdiction over Plaintiff's related state-law claims. *Id.* After considering the substance of the amended complaint, the

Magistrate Judge concluded that Plaintiff's amended complaint failed to state a claim and therefore recommended that Plaintiff's case be dismissed pursuant to 28 U.S.C. § 1915(e)(2). *Id.*

On June 26, 2026, Plaintiff filed objections to the Report. Docket No. 40. Plaintiff's objections fail to specify any finding or conclusion in the Magistrate Judge's Report and Recommendation with which she objects. *See* Docket No. 40. Instead, she asks the Court to "file the plaintiff's second amended petition and/or grant the plaintiff leave to change venue to a court that may have jurisdiction over this action." *Id.* For one, the Court lacks authority to transfer Plaintiff's case from federal court to state court. *See Ayati-Ghaffari v. Empire Petroleum Partners, LLC*, 2018 WL 7254712, at *4 n.1 (E.D. Tex. Dec. 14, 2018) ("[A] federal district court does not have the power to remand or transfer a case to state court unless the matter was originally filed in state court and subsequently removed to federal court." (citations omitted)), *report and recommendation adopted*, 2019 WL 289837 (E.D. Tex. Jan. 23, 2019).

Further, the Court declines to accept Plaintiff's second amended complaint or permit leave to amend further, as amendment would be futile. *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872–73 (5th Cir. 2000). Plaintiff's second amended complaint seeks to establish diversity jurisdiction by alleging over $250,000 in damages. Docket No. 38. But Plaintiff fails to identify any damages directly attributable to Defendant's conduct. In sum, Plaintiff was scheduled to stay in an Airbnb upon making a reservation. *See generally* Docket No. 38. After refusing to pay the amenity fee, Plaintiff could not check into her stay. Docket No. 38 ¶¶ 20, 33.

As a result of her inability to find alternative lodging, Plaintiff alleges that she was ultimately incarcerated after she appeared late to state court, forfeiting the bond she had secured months prior. *Id.* at ¶¶ 45, 47. Although Defendant refunded Plaintiff the cost of her reservation, Plaintiff attributes her tardiness, bond forfeiture, detention, and incarceration to Defendant Airbnb, Inc. and its host for wrongfully depriving her of lodging. *Id.* at ¶¶ 46–51. She seeks $250,000.00 in damages for "emotional distress, mental anguish, annoyance, and inconvenience." Docket No. 38 at ¶¶ 91–93.

As the Magistrate Judge previously noted, it does not appear from Plaintiff's factual allegations that she can recover the jurisdictional minimum from Defendant. *See* Docket No. 21 at 3; *see Burns v. Anderson*, 502 F.2d 970, 972 (5th Cir. 1974) (concluding that the plaintiff could not have recovered the jurisdictional minimum where his actual damages were minimal, despite his request in excess of the jurisdictional minimum); *Leehans v. American Emp. Ins. Co.*, 273 F.2d 72, 72 (5th Cir. 1959) (affirming dismissal for lack of jurisdiction where the injuries were so minor that the plaintiff's request for damages exceeding the jurisdictional minimum was found to lack good faith). Accordingly, the Court declines to accept Plaintiff's second amended complaint or to permit her to amend her complaint further.

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire

record and makes an independent assessment under the law. *Alexander v. Verizon Wireless Services, LLC*, 875 F.3d 243, 249 (5th Cir. 2017).

Having conducted a de novo review of the record in this case and the Magistrate Judge's Report, the Court has determined that the Report of the Magistrate Judge is correct, and Plaintiff's claims are without merit. Accordingly, it is hereby **ORDERED** that the Magistrate Judge's Report and Recommendation (Docket No. 37) is **ADOPTED** as the opinion of this Court. Plaintiff's claim under 42 U.S.C. § 1981 is therefore **DISMISSED with prejudice** for failure to state a claim. The Court declines to exercise supplemental jurisdiction over Plaintiff's state-law claims. Therefore, Plaintiff's state-law claims are **DISMISSED without prejudice**. Any motions pending in this case are **DENIED as moot**.

**So ordered and signed on this**
**Aug 4, 2026**

JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE